No. 24-1044

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

SHERYL MILLER,

*Plaintiff-Appellant,*

v.

WILLIAM BEAUMONT HOSPITAL

*Defendant-Appellee.*

Appeal from the United States District Court
For the Eastern District of Michigan
Case No. 2:21-cv-12259
The Honorable Judge George Caram Steeh

**Defendant-Appellee William Beaumont Hospital's
Motion to Dismiss Appeal for Lack of Appellate Jurisdiction**

| | |
|---|---|
| Carla D. Aikens (P69530) | Eric J. Pelton (P40635) |
| Austen J. Shearouse (P84852) | Thomas J. Davis (P78626) |
| CARLA D. AIKENS, P.L.C. | KIENBAUM HARDY VIVIANO |
| 615 Griswold, Suite 709 | PELTON & FORREST, P.L.C. |
| Detroit, MI 48226 | 280 N. Old Woodward Avenue |
| (844) 835-2993 | Suite 400 |
| carla@aikenslawfirm.com | Birmingham, Michigan 48009 |
| austen@aikenslawfirm.com | (248) 645-0000 |
| | epelton@khvpf.com |
| | tdavis@khvpf.com |

*Attorneys for Plaintiff-Appellant*    *Attorneys for Defendant-Appellee*

## Introduction

A timely notice of appeal, filed within 30 days of entry of judgment, is a jurisdictional requirement for appellate review. Here, although Plaintiff-Appellant Miller's Civil Appeal Statement purports to challenge the district court's final judgment, she did not appeal from that judgment. Rather, all she appealed was the denial of a facially untimely motion she filed under Eastern District of Michigan Local Rule 7.1(h). The district court denied that motion, expressly holding that Miller's motion violated Rule 7.1(h)'s explicit warning that such motions may *not* be filed to challenge final judgments and are *not* Rule 59 motions.

The district court's invocation of Rule 7.1(h)'s express language is critical. Appellee Beaumont recognizes that this Court, in the past, has construed motions for reconsideration as Rule 59(e) motions, and allowed the filing of those motions to delay the start of the 30-day clock to appeal a final judgment. But those rulings predated the December 1, 2021 revision of Local Rule 7.1 relied on by the district court here. Rule 7.1(h), as a duly adopted district court rule, has the force of law and should be honored. Miller's reconsideration motion cannot be construed as a Rule 59(e) motion.

If Miller wanted to appeal the final judgment, she needed to appeal within 30 days of the entry of final judgment on October 11, 2023. She did not. Her reconsideration motion did not alter that deadline. And while theoretically she timely appealed the order denying reconsideration, Miller's Civil Appeal Statement makes clear that she does not challenge that procedural order itself. The Court should dismiss the appeal, as it lacks jurisdiction to decide the only issues before it.

**Background**

Plaintiff Sheryl Miller brought this lawsuit raising various disability and FMLA claims in September 2021. R. 1. On October 11, 2023, the district court issued its opinion and order granting Beaumont's motion for summary judgment. R. 41, Page ID # 1293. The Court issued its judgment the same day. R. 42, Page ID # 1309.

On November 8, 2023, Miller filed a "Motion for Reconsideration of the Opinion and Order Granting Defendant's Motion for Summary Judgment." R. 45, Page ID # 1326-1347. The motion was expressly brought under Eastern District of Michigan Local Rule 7.1(h) and cited the standard of review for such a motion. *Id.* at Page ID # 1336. The motion did not cite any Federal Rule of Civil Procedure as a basis for the

motion—like Rule 59(e) or Rule 60(b)—and did not cite the standards of review applicable to motions brought under these rules. *See* R. 45.

The district court denied Miller's Motion for Reconsideration in a one-paragraph order on December 15, 2023. R. 46, Page ID # 1348-1349. The court held that Miller's motion had been filed under Local Rule 7.1(h), but that the local rule as amended in December 2021 states that "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule." R. 46, Page ID # 1348 (citing E.D. Mich. Local Rule 7.1(h)(1)). The court also held that "Plaintiff's motion is not brought pursuant to Rules 59(e) or 60(b) and does not explain how she is entitled to relief from a final order under either rule." *Id.* The court thus denied the motion for reconsideration. *Id.* at Page ID # 1349.

On January 12, 2024, Miller filed a notice of appeal. R. 47, Page ID # 1350. The notice appealed only the order on "Plaintiff's MFR entered on 12/15/23" – that is, the order on the Motion for Reconsideration. *Id.* The notice of appeal did not reference or purport to appeal from the court's final judgment of October 11, 2023. *See id.* Even so, Miller's Civil

Appeal Statement of Parties & Issues, filed with this Court on February 6, 2024, expresses Miller's intent to challenge the final judgment, and does not reflect an intent to appeal the reconsideration order itself.

## Argument

### I. This Court lacks jurisdiction to hear Miller's proposed appeal of the district court's final judgment.

Under the plain text of the Federal Rules of Appellate Procedure, this Court lacks jurisdiction to hear Miller's challenge to the district court's final judgment. Timely notice of appeal is a jurisdictional requirement. *Gunter v. Bemis Co.,* 906 F.3d 484, 492 (6th Cir. 2018). Rule 4(a)(1)(A) provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." That rule required Miller to appeal from the final judgment by November 10, 2023. Miller did not file a notice of appeal by that date.

The 30-day deadline was not altered by Miller's filing of a Local Rule 7.1(h) motion for reconsideration. Federal Rule of Appellate Procedure 4(a)(4)(A) only alters the notice of appeal deadline if a party timely moves for specified post-judgment relief under Rules 50(b), 52(b), 58, 59, or 60. But, as the district court held, Miller did not file any motion under these Rules. Because the motion for reconsideration did not change

the November 10, 2023 deadline to file a notice of appeal from the final judgment, and because Miller did not appeal the final judgment by November 10, 2023, this Court lacks jurisdiction to review the district court's final judgment.

Beaumont recognizes that, in the past, this Court has held that Local Rule 7.1 motions for reconsideration "generally" may be treated as Rule 59(e) motions to alter or amend the judgment. *See, e.g.*, *Waid v. Snyder*, No. 18-1960, 2019 WL 4121023, at *1 (6th Cir. Feb. 19, 2019). The genesis of this treatment appears to be *Smith v. Hudson*, where this Court reasoned that because a motion to reconsider seeks to vacate an underlying judgment, "[o]ther courts have held… and we agree, that" such motions "may properly be treated under Rule 59(e) as a motion to alter or amend a judgment." 600 F.2d 60, 62 (6th Cir. 1979). This Court has since relied on that same reasoning: if a Rule 7.1(h) motion is a vehicle for challenging the underlying judgment, then such motions may be treated as a Rule 59(e) motion. *See, e.g.*, *Olivares v. Long*, No. 20-1774, 2021 WL 466562, at *1 (6th Cir. Jan. 8, 2021).

Whatever force that reasoning may have once had, it is no longer applicable. As the district court's order held, the district court amended

Rule 7.1(h) in December 2021 to *expressly* forbid the use of that rule to challenge final orders and judgments.[1] R. 46, Page ID # 1348. The rule now specifically indicates that a party seeking to challenge a judgment or final order must instead file a Rule 59(e) or Rule 60 motion, and that the Court "will not" grant reconsideration of final orders or judgments raised by a Rule 7.1 motion. E.D. Mich. Local Rule 7.1(h). Thus, a Rule 7.1(h) motion for reconsideration no longer serves as a vehicle for challenging an underlying judgment, and there is no longer any basis for this Court to treat a Rule 7.1 motion as a Rule 59(e) motion. Indeed, to do so would expressly contradict the Rule's plain language stating that a district court *will not* treat a Rule 7.1 motion as a Rule 59(e) motion.

Local district court rules have the force of law. *See Hollingsworth v. Perry,* 558 U.S. 183, 191 (2010); Fed. R. Civ. P. 83. This Court should give effect to that law here and hold that Miller's filing of a Rule 7.1(h) motion may not be treated as a Rule 59(e) motion to alter or amend the judgment and did not postpone the running of her 30-day appeal clock. This Court

---

[1] The order adopting the amended rule, and reflecting the edits from the prior version is available at https://www.mied.uscourts.gov/PDFFIles/ntcProposedAmdDec2021.pdf.

thus lacks jurisdiction to hear her appeal from the final judgment, and her appeal of that judgment should be dismissed.

II. **To the extent the district court's denial of reconsideration is before the Court, Miller has no non-frivolous grounds to challenge the order, and the issue should be decided summarily.**

The district court denied reconsideration on December 15, 2023 because it was procedurally improper under Local Rule 7.1(h). While Miller's Notice of Appeal identifies the reconsideration denial order (and *only* that order) as the matter being appealed, her Civil Appeal Statement, filed February 6, 2024, does not identify the denial of reconsideration itself as an appellate issue. Plaintiff has thus effectively waived any appeal of the reconsideration order itself, leaving nothing for this Court to decide. *See Servpro Indus., Inc. v. Woloski*, No. 21-5685, 2022 WL 633844, at *4 (6th Cir. Mar. 4, 2022) (looking to Civil Appeal Statement to determine what is before the Court on appeal); *cf. United States v. Calvetti*, 836 F.3d 654, 664 (6th Cir. 2016) (holding that party forfeits issues not raised in a brief's statement of the issues).

But even if Miller had timely appealed the denial of reconsideration *and* had listed that as an issue for appeal, the Court should summarily decide that lone appeal issue without the need for full briefing or

argument because there would be no non-frivolous basis for Miller's challenge to that procedural order. *See, e.g.*, *United States v. Douglas*, 912 F.2d 466 (6th Cir. 1990) (summarily disposing of appeal where no meritorious basis for appeal remained); *Filipas v. Lemons*, 767 F.2d 920 (6th Cir. 1985) (table) (summarily disposing of appeal where challenge was frivolous).

A denial of a motion for reconsideration is reviewed for abuse of discretion. *See, e.g.*, *Tolbert v. Potter*, 206 F. App'x 416, 417 (6th Cir. 2006). Here, the district court held—consistent with the plain language of Local Rule 7.1(h)—that Miller's motion for reconsideration would be denied because she improperly sought to use the motion to challenge a final judgment. Miller has no non-frivolous argument that the district court was wrong, let alone that the court abused its discretion in so holding.

Moreover, the Court of Appeals can affirm a district court on any ground apparent in the record, even if different from the district court's reasoning. *Gammons v. Adroit Med. Sys., Inc.*, No. 23-5374, -- F. 4th --, 2024 WL 227338, at *2 (6th Cir. Jan. 22, 2024). And here, the denial of the motion for reconsideration could be affirmed on the alterative ground

that it was untimely. Rule 7.1(h) reconsideration motions must be filed within 14 days of the challenged order, but Plaintiff filed hers 28 days after the challenged order. *See Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 751 n.1 (6th Cir. 2012) (affirming district court's ruling on motion for reconsideration filed more than 14 days after order challenged); *see* E.D. Mich. Local Rule 7.1(h)(2). Miller has no non-frivolous argument that her reconsideration motion was timely.

In short, if Miller successfully appealed anything, it was the district court's order denying a procedurally improper, facially untimely reconsideration motion. And even if she has not waived her appeal of that issue, this Court should not waste its own judicial resources or force Beaumont to bear the unnecessary expense of fully briefing and arguing what would effectively be a frivolous appeal. The Court should summarily decide the appeal without requiring full briefing and argument.

## Conclusion

Miller did not timely appeal the underlying judgment in this case, and her appeal of that judgment should be dismissed. And to the extent Miller timely appealed the order denying reconsideration on procedural grounds, the Court should summarily decide that issue without full

briefing and argument because there is no non-frivolous basis for Miller to challenge that order.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.


By: *s/Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated: February 7, 2024
509993

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion does not exceed 5,200 words. This document contains 1,956 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 14-point Garamond.

    Respectfully submitted,

    KIENBAUM HARDY VIVIANO
    PELTON & FORREST, P.L.C.

    By: *s/Thomas J. Davis*
       Eric J. Pelton (P40635)
       Thomas J. Davis (P78626)
    Attorneys for Defendant
    280 N. Old Woodward Ave.
    Suite 400
    Birmingham, MI 48009
    (248) 645-0000
    epelton@khvpf.com
    tdavis@khvpf.com

Dated: February 7, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

s/*Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano Pelton
 & Forrest, P.L.C.
280 N. Old Woodward Ave.
Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com
