No. 24-1044

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

SHERYL MILLER,

*Plaintiff-Appellant,*

v.

WILLIAM BEAUMONT HOSPITAL

*Defendant-Appellee.*

Appeal from the United States District Court
For the Eastern District of Michigan
Case No. 2:21-cv-12259
The Honorable Judge George Caram Steeh

**Defendant-Appellee William Beaumont Hospital's
Reply Brief in Support of Motion to Dismiss Appeal**

| | |
|---|---|
| Carla D. Aikens (P69530) | Eric J. Pelton (P40635) |
| Austen J. Shearouse (P84852) | Thomas J. Davis (P78626) |
| CARLA D. AIKENS, P.L.C. | KIENBAUM HARDY VIVIANO |
| 615 Griswold, Suite 709 | PELTON & FORREST, P.L.C. |
| Detroit, MI 48226 | 280 N. Old Woodward Avenue |
| (844) 835-2993 | Suite 400 |
| carla@aikenslawfirm.com | Birmingham, Michigan 48009 |
| austen@aikenslawfirm.com | (248) 645-0000 |
| | epelton@khvpf.com |
| | tdavis@khvpf.com |
| *Attorneys for Plaintiff-Appellant* | *Attorneys for Defendant-Appellee* |

**Reply Argument**

Miller's response brief does not meaningfully address Beaumont's arguments, let alone rebut them. But a few points warrant further discussion and confirm why Beaumont's motion should be granted.

*First*, Miller's primary argument—that the actual content of her notice of appeal is irrelevant because she clicked boxes during ECF filing identifying an appeal from the judgment—conflicts with Federal Rule of Appellate Procedure 3(c)'s text. Even so, it doesn't matter. Miller's notice of appeal was undisputedly filed more than 30 days after the final judgment, so her appeal of that judgment is untimely without tolling.

*Second*, Miller implicitly conceded that her Rule 7.1(h) motion cannot be construed as a Rule 59(e) motion to alter or amend the judgment. Instead, she argues—without analysis—that it should be construed as a Rule 60 motion. Resp. at 4. But this ignores that Rule 7.1(h) also explicitly precludes the court from treating it as a Rule 60 motion: "Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) *or 60(b)*. The court will not grant reconsideration of such an order or judgment under this rule." (emphasis added). The district court's order stated the

same: "Plaintiff's motion is not brought pursuant to Rules 59(e) or 60(b) and does not explain how she is entitled to relief from a final order under either rule." R. 46, Page ID # 1348. Miller's Rule 7.1(h) motion cannot be construed as a Rule 59(e) motion or a Rule 60(b) motion—and absent a Rule 59 or 60 motion, the time for Miller to appeal the final judgment was not postponed. *See* Fed. R. App. P. 4(a)(4)(A).

*Third*, Miller seems to believe that a timely appeal from denial of reconsideration would resurrect her challenge to the underlying judgment. She is wrong. The *only* thing she could appeal is the denial of reconsideration, with its abuse-of-discretion standard of review. *See, e.g., Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995) (where party only timely appealed Rule 60(b) motion for reconsideration, the court "may review the [reconsideration] ruling for abuse of discretion but an appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review.") (cleaned up); *Ky. Ass'n of Elec. Coops. v. Loc. Union No. 369*, 1985 WL 13967, at *4, 780 F.2d 1021 (table) (6th Cir. 1985) (even if reconsideration motion were "treated as a Rule 60(b) motion, appellant would not be entitled to appeal the original judgment" but only "the failure to grant relief under Rule 60"); *Dyson v. D.C.*, 710 F.3d 415, 420–

21 (D.C. Cir. 2013) (when party only timely appealed the order denying reconsideration, "review in this case is… limited to the Reconsideration Decision"); *Travelers Prop. Cas. Corp. v. Pendergraft*, 1999 WL 800155, at \*1, 196 F.3d 1257 (table) (5th Cir. 1999) (because the "motion to reconsider… was not timely to stay the 30 day period for notice of appeal," the "court has jurisdiction to review only the motion for reconsideration.")

This is critical because—as Beaumont's brief argued—there is no non-frivolous basis for Miller to argue that the district court's order on reconsideration was erroneous, let alone an abuse of discretion. The district court correctly held that Miller's Rule 7.1(h) motion was not a proper vehicle to challenge the final judgment, that she did not file a Rule 59(e) or Rule 60(b) motion as required, and did not argue that relief was warranted under either rule. R. 46, Page ID # 1348. Moreover, Rule 7.1(h) reconsideration motions must be filed within 14 days of the order being challenged, but she filed hers 28 days after the order—which is an alternative basis for affirmance. *See* Beaumont's Motion at pp. 8-9.

Miller does not offer any argument to the contrary. She has no non-frivolous basis to overturn the reconsideration order, and her appeal of the underlying merits decision is untimely.

\* \* \*

Ultimately, Miller's response brief is correct about one thing: this Court has yet to address the Eastern District of Michigan's December 2021 amendment to Local Rule 7.1(h) and its impact on appellate filing deadlines. Miller does not dispute that (1) this Court has allowed E.D. Mich. Local Rule 7.1 motions to delay the notice-of-appeal deadline because such motions used to be a *de facto* substitute for a Rule 59(e) motion; but (2) the amended Local Rule 7.1(h) now explicitly states that it is *no longer* a proper substitute for a Rule 59(e) or 60(b) motion.

Post-amendment, there is no rationale for allowing Miller's improper Rule 7.1(h) to delay the appellate filing deadline. The rule is not ambiguous. It is not a trap for the unwary. It specifically warns that Rule 7.1(h) is not a vehicle to challenge a final judgment, and it directs parties to the proper rules for raising such challenges. Miller consciously chose to disregard that warning, and nonetheless filed a Rule 7.1(h) motion that did not cite—let alone argue—the standards for relief under Rules 59(e) or 60(b). If this Court were to excuse Miller's untimely appeal by treating her Rule 7.1(h) motion as a Rule 59(e) or 60(b) motion despite the Rule's plain language, then the local rule will be a dead letter.

-5-

## Conclusion

Because Miller did not timely appeal the underlying judgment in this case, her appeal of that judgment should be dismissed. Miller also does not dispute that she has no non-frivolous basis to challenge the reconsideration order, and so the Court should summarily decide that issue without full briefing and argument.

                                        Respectfully submitted,

                                        KIENBAUM HARDY VIVIANO
                                        PELTON & FORREST, P.L.C.

                                        By: *s/Thomas J. Davis*
                                              Eric J. Pelton (P40635)
                                              Thomas J. Davis (P78626)
                                        Attorneys for Defendant
                                        280 N. Old Woodward Ave.
                                        Suite 400
                                        Birmingham, MI  48009
                                        (248) 645-0000
                                        epelton@khvpf.com
                                        tdavis@khvpf.com

Dated:  February 23, 2024
512776

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion does not exceed 2,600 words. This document contains 926 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in 14-point Century Schoolbook.

                Respectfully submitted,

                KIENBAUM HARDY VIVIANO
                PELTON & FORREST, P.L.C.

                By: *s/Thomas J. Davis*
                    Eric J. Pelton (P40635)
                    Thomas J. Davis (P78626)
                Attorneys for Defendant
                280 N. Old Woodward Ave.
                Suite 400
                Birmingham, MI  48009
                (248) 645-0000
                epelton@khvpf.com
                tdavis@khvpf.com

Dated:  February 22, 2024

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

s/*Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano Pelton
  & Forrest, P.L.C.
280 N. Old Woodward Ave.
Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com
