RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0250p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

| | | |
|---|---|---|
| SHERYL MILLER, *Plaintiff-Appellant*, <br><br> v. <br><br> WILLIAM BEAUMONT HOSPITAL dba Beaumont Health System, *Defendant-Appellee*. | ⎤⎥⎥⎥⎥⎥⎥⎥⎦ | No. 24-1044 |

On Motion to Dismiss for Lack of Appellate Jurisdiction.
United States District Court for the Eastern District of Michigan at Detroit.
No. 2:21-cv-12259—George Caram Steeh III, District Judge.

Decided and Filed: November 8, 2024

Before: SUHRHEINRICH, SILER, and READLER, Circuit Judges.

---

### COUNSEL

**ON MOTION TO DISMISS and REPLY:** Eric J. Pelton, Thomas J. Davis, KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C., Birmingham, Michigan, for William Beaumont Hospital. **ON RESPONSE:** Carla D. Aikens, CARLA D. AIKENS, P.L.C., Detroit, Michigan, for Sheryl Miller.

---

### ORDER

---

Plaintiff Sheryl Miller appeals following the district court's summary judgment for Defendant William Beaumont Hospital, doing business as Beaumont Health System, in this civil rights suit alleging violations of the Family and Medical Leave Act, the Americans with

Disabilities Act, and Michigan law. Beaumont moves to dismiss the appeal for lack of jurisdiction.

To timely appeal from summary judgment, Miller needed to file a notice of appeal within thirty days of that judgment's entry. *See* Fed. R. App. P. 4(a)(1)(A). She did not do so; rather, she moved for reconsideration under Eastern District of Michigan Local Rule 7.1(h). That Local Rule, however, was amended two years prior to read "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule." E.D. Mich., *Notice of Amendments to Local Rules* 1 (Nov. 10, 2021), https://perma.cc/KR9X-H3C2. Yet Miller never once mentioned Rules 59(e) or 60(b) in her motion for reconsideration. Instead, she mistakenly asserted that "[m]otions for reconsideration are governed by [Local Rule] 7.1(h)," citing two cases that applied an earlier version of the Local Rule. The district court accordingly denied Miller's motion for failing to invoke Rules 59(e) or 60(b), and Miller impliedly concedes her failure to expressly cite these Rules below.

She nevertheless notes that this Court has often treated Local Rule 7.1(h) motions as Rule 59(e) motions based on their past similarity. *See, e.g.*, *Mich. Dessert Corp. v. A.E. Staley Mfg. Co.*, 23 F. App'x 330, 336 (6th Cir. 2001) (per curiam). But that similarity no longer exists. Whereas earlier cases explained that "both [Local Rule 7.1(h) and Rule 59(e)] [we]re vehicles for a litigant to ask a court to correct a mistake of law or fact," *Quatrine v. Berghuis*, 751 F. App'x 885, 888 (6th Cir. 2018) (per curiam), only Rule 59(e) continues to serve as such a vehicle. And whereas earlier cases treated unspecified motions to reconsider as motions under Rule 59(e), *e.g.*, *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979), Miller specified her motion as one under Local Rule 7.1(h), *cf. Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995) (per curiam). The Local Rule's amended text now plainly forecloses any continued construal as a Rule 59(e) motion when that motion concerns a final order, and local rules carry "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (per curiam) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). Just as this Court conflated Local Rule 7.1(h)(1) with Rule 59(e) when they were similar, it abandons such conflation while they remain distinct.

Accordingly, Miller's motion for reconsideration did not alter the thirty-day notice-of-appeal deadline. *See* Fed. R. App. P. 4(a)(4)(A) (altering deadline only if party moves for specified post-judgment relief under Rules 50(b), 52(b), 58, 59, or 60). And because a timely notice of appeal is a jurisdictional requirement, *Gunter v. Bemis Co.*, 906 F.3d 484, 492 (6th Cir. 2018), this Court lacks jurisdiction to hear Miller's proposed appeal of the district court's summary judgment.

Beaumont concedes that Miller's notice of appeal was effective at least as to the district court's denial of reconsideration. But it nevertheless argues that Miller (1) waived any challenge to the denial of reconsideration by failing to specify the issue in her appellate-court filings, (2) has no non-frivolous argument that the district court erred, and (3) failed to timely seek reconsideration before the district court. Yet neither waiver nor meritoriousness affects this court's jurisdiction. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1112 (2023); *Gen. Inv. Co. v. N.Y. Cent. R.R. Co.*, 271 U.S. 228, 230 (1926) (stating that "[t]here may be jurisdiction and yet an absence of merits"); *Quackenbush v. Allstate Ins.*, 517 U.S. 706, 716 (1996) (recognizing that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress" in all but the most exceptional circumstances). And in addition to the lack of any deadline in Local Rule 7.1(h)(1) as amended, the district court cited no timeliness issues with Miller's motion for reconsideration. *See Valassis Commc'ns, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir. 1996) (acknowledging district court has discretion to overlook parties' failure to satisfy local rules).

In sum, the motion to dismiss Miller's appeal from the district court's summary judgment is **GRANTED**, and the motion to dismiss Miller's appeal from the district court's denial of the motion of reconsideration is **DENIED**.

                                      ENTERED BY ORDER OF THE COURT

                                      Kelly L. Stephens, Clerk