No. 24-1044

In the
United States Court of Appeals
For the Sixth Circuit

**SHERYL MILLER,**

**Plaintiff-Appellant,**

**v.**

**WILLIAM BEAUMONT HOSPITAL,**

**Defendant-Appellee.**

On Appeal from the United States District Court
for the Eastern District of Michigan
Case No. 2:21-CV-12259
The Honorable Judge George Caram Steech

**BRIEF OF APPELLANT SHERYL MILLER**

**ORAL ARGUMENT REQUESTED**

Carla D. Aikens
Carla D. Aikens, P.L.C.
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
(844)835-2993                    Dated: April 8, 2025

1

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.............................................................................3

STATEMENT REQUESTING ORAL ARGUMENT ............................................4

JURISDICTIONAL STATEMENT ................................................................5

STATEMENT OF ISSUES FOR REVIEW .......................................................6

STATEMENT OF THE CASE......................................................................7

SUMMARY OF THE ARGUMENT .....................................................................8

ARGUMENT ........................................................................................10

CONCLUSION AND REQUESTED RELIEF ...................................................24

CERTIFICATE OF COMPLIANCE..............................................................27

CERTIFICATE OF SERVICE ........................................................................28

# INDEX OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986)..............................................10

*Baker v. Windsor Republic Doors*, 635 F. Supp. 2d 765 (W.D. Tenn. 2009) .........18

*Blanchet v. Charter Communications*, LLC, 27 F. 4th 1221 (6th Cir. 2022)..........20

*Chen v. Dow Chem. Co*., 580 F.3d 394 (6th Cir. 2009) ...........................................23

*Chiles v. Machine Shop, Inc*., 238 Mich. App. 408 (1999) ......................................16

*Gelin v. Baltimore County, Maryland,* 122 F. 4th 531 (4th Cir. 2024) ...................11

*GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) .........9

*Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir. 2005)........................................9

*Johnson v. Morales*, 946 F. 3d 911 (6th Cir. 2020)..................................................12

*Krouse v. Am. Sterilizer Co*., 126 F.3d 494 (3d Cir. 1997) .....................................18

*Moody v. Pepsi-Cola Metropolitan Bottling Co*., 915 F.2d 201 (6th Cir. 1990) ....11

*Mosby-Meachem v. Memphis Light, Gas & Water Div.,* 883 F.3d 595 (6th Cir. 2018) .........................................................................................................................19

*Nelson v. Adams USA, Inc*., 529 U.S. 460 (2000) ....................................................12

*Reeder v. City of Wayne*, 177 F. Supp. 3d 1059 (E.D. Mich. 2016).......................18

*Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133 (2000).....................23

*Richmond v. Huq*, 885 F.3d 928 (6th Cir. 2018) .....................................................10

*See, e.g., Doane v. City of Omaha*, 115 F.3d 624 (8th Cir. 1997)...........................16

*Singfield v. Akron Metro. Hous. Auth.*, 389 E3d 555 (6th Cir. 2004) ....................18

*Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc*., 782 F.3d 712 (6th Cir. 2015)11

*Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979) ........................................................11

*Texas v. Davis*, 139 S. Ct. 1843 (2019) ..................................................................13

## STATEMENT REQUESTING ORAL ARGUMENT

Pursuant to Sixth Circuit Rule 34(a), Plaintiff-Appellant Sheryl Miller respectfully requests that the Court grant oral argument in this appeal. The District Court's decision granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment in, and the legal issues raised in the Court's decision warrant oral argument with this Court.

## <u>JURISDICTIONAL STATEMENT</u>

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. 1291. On October 11, 2023, the district court entered an opinion and order granting Defendant's Motion for Summary Judgment. (Order, R. 41, PageID.1293). Plaintiff filed a Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment (Motion, R. 45, PageID.1326-1347), which was denied on December 15, 2023. (Order, R. 46, PageID.1348). With that final order standing, Plaintiff-Appellant timely filed the instant appeal. (Notice of Appeal, R. 47, PageID.1350).

## <u>STATEMENT OF ISSUES FOR REVIEW</u>

1. Whether the trial court properly denied Plaintiff-Appellant's Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment?

        Plaintiff-Appellant says:            No.

        Defendant-Appellee likely says:      Yes.

2. Whether the trial court properly granted Defendant-Appellee's Motion for Summary Judgment?

        Plaintiff-Appellant says:            No.

        Defendant-Appellee likely says:      Yes.

## STATEMENT OF THE CASE

Plaintiff-Appellant, Sheryl Miller ("Plaintiff" or "Plaintiff-Appellant") was employed by William Beaumont Hospital ("Defendant" or "Defendant-Appellee") (Complaint, R. 1, PageID.2, ¶6). Plaintiff suffers from a long-term health condition, asthma and chronic obstructive pulmonary disease ("COPD"). (*Id*. at PageID.3, ¶12). On May 31, 2019, Plaintiff took a day off from work due to her medical condition. (*Id*. at PageID3, ¶17). Plaintiff requested the day off and turned in her FMLA form, but Defendant did not grant the request because Plaintiff did not say the words "FMLA" when making the request. (*Id*. at PageID.3, ¶22). Plaintiff reported the issue which led to a supervisor suddenly turning hostile to Plaintiff by using a hostile attitude and changing Plaintiff's schedule. Later, during the COVID-19 Pandemic, Plaintiff requested an accommodation by asking to be allowed to wear an N-95 mask due to her underlying condition, but her request was denied. (*Id*. at PageID.6, ¶43). Instead, Plaintiff was told to take unpaid leave or use paid time off. (*Id*. at PageID.7, ¶44).

When Plaintiff returned from leave, she was told that she needed to rotate positions due to short staffing, but the employee who took Plaintiff's position during her leave was not required to rotate. (*Id*. at PageID.9-10, ¶61-2). Plaintiff suffered damages of lost wages because she had to take FMLA when Defendant did not accommodate her medical condition. On August 20, 2020, Plaintiff filed a

charge with the EEOC alleging that Defendant had denied a reasonable accommodation and that she was given a new position when she returned from leave. (EEOC Charge, R. 36-18 at PageID.996). After taking FMLA and making an EEOC complaint, Plaintiff suffered from harassment, such as being investigated for the true purpose of the leave. (Complaint, R. 1 at PageID.13, ¶86).

## SUMMARY OF THE ARGUMENT

First, Plaintiff's motion for reconsideration should have been considered by the trial court and not denied on the basis of not citing Rule 59(e).

Next, the trial court erred when it granted Defendant's Motion for Summary Judgment. Further, Plaintiff submits that the trial court erred in its denial of Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment. Plaintiff's motion for reconsideration was brought under Local Civil Rule 7.4, which requires a motion to "demonstrate a palpable defect by which the court and the parties have been misled" and "show that a different disposition of the case must result from a correction thereof." (LCR 7.4(a)). This Court has often treated Local Rule 7.1(h) motions as Rule 59(e) motions based on their past similarity. *See, e.g., Mich. Dessert Corp. v. A.E. Staley Mfg. Co.*, 23 F. App'x 330, 336 (6th Cir. 2001). Under Rule 59(e), a court may grant such a motion if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

manifest injustice (*Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Plaintiff contends that summary judgment was improper because there are genuine issues of material fact that should have precluded such a ruling. Specifically, Plaintiff submits that there is a genuine issue of material fact regarding her disability and Defendant's failure to accommodate her disability. Plaintiff also claims that there is sufficient evidence of pretext in Defendant's actions that supports her allegations of discriminatory treatment. Furthermore, Plaintiff asserts that there is a genuine issue of material fact regarding his Title VII claims, which relate to discriminatory and retaliatory conduct. These disputed factual issues, Plaintiff raised, should have been resolved by a jury, rather than through summary judgment.

Further, Defendant included with its reply brief a corrective action from 2018 as Exhibit 31, and also filed a "corrected" Exhibit 7 to the summary judgment motion – a 2019 letter granting Plaintiff leave – to which Plaintiff had no opportunity to respond to as this was evidence provided for the first time in the reply. (Reply, R.39 PageID.1227-90). Accordingly, Plaintiff's motion for reconsideration should have been considered given that it was the first opportunity

that Plaintiff had to respond to what was included for the first time in Defendant's reply.


## ARGUMENT

This Court reviews a district court's grant of summary judgment de novo. *Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir. 2016). Summary judgment is appropriate only if there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). "A genuine issue of material fact exists where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In determining 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law,' this [c]ourt must view all of the evidence and draw all reasonable inferences in the light most favorable to the non-moving party." Id. (quoting *Anderson*, 477 U.S. at 251–52).

## A. THE TRIAL COURT SHOULD HAVE CONSIDERED PLAINTIFF'S MOTION FOR RECONSIDERATION

While the Court of Appeals found that Plaintiff's motion for reconsideration could not confer jurisdiction over Plaintiff's motion for summary judgment, this

Court is still able to consider whether the trial court should have considered Plaintiff's motion for summary judgment on the merits and construed it as a Rule 59(e) motion for reconsideration, given the direction in Local Rule 7.1(h)(1) that motions to reconsider dispositive motions could only be brought under Rule 59(e) or Rule 60. Other than not citing the rule itself, which is not a requirement for the court to construe the motion as one under Rule 59(e), the motion was clearly requesting reconsideration of the opinion and was brought within the time period set forth in Rule 59 of 28 days.

The Sixth Circuit has held many times that form should dominate over substance in the context of motions for reconsideration. *Moody v. Pepsi-Cola Metropolitan Bottling Co*., 915 F.2d 201, 206 (6th Cir. 1990) ("[m]otions for reconsideration of a judgment are construed as motions to alter or amend the judgment and are time tolling for the purposes of Rule 4(a)(4)."); *Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc*., 782 F.3d 712, 717 (6th Cir. 2015) (holding that it is "the substance of the motion, rather than its form," that is controlling); *see also Gelin v. Baltimore County, Maryland,* 122 F. 4th 531, 537 (4th Cir. 2024) (citing *Slep-Tone*, 782 F.3d at 717); *U.S. v. Savage*, 99 F. App'x 583, 585 (6th Cir. 2004); *Meeks v. Washington*, 2022 WL 18144109, at *2 (6th Cir. 2022). This is the case even if the text of the motion does not state Rule 59. *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).

There is no standard under Rule 59( for granting or denial of a motion for summary judgment, and thus the common law is the source of the basis for granting or denying the same. As Plaintiff cited case law regarding that standard, the trial court could have and should have considered the same rather than dismissing Plaintiff's claims, particularly where Defendant included new evidence in its reply to which Plaintiff had no opportunity to respond. As many courts have noted, including the U.S. Supreme Court, the opportunity to respond is fundamental to the concept of due process. *Nelson v. Adams USA, Inc*., 529 US 460, 466 (2000); *see also Johnson v. Morales*, 946 F. 3d 911, 928 (6th Cir. 2020) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal citations omitted).

Accordingly, and consistent with longstanding precedent, given that Plaintiff's motion was timely filed, that Defendant submitted new evidence in support of its reply, and as demanded by due process, Plaintiff's motion for reconsideration should have been considered and construed by the district court as a motion for reconsideration under Rule 59(e).

## B. <u>THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S DISABILITY RELATED CLAIMS</u>

12

The trial court erred in dismissing Plaintiff's claims of disability discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"). Plaintiff demonstrated sufficient evidence to establish genuine issues of material fact that should have precluded summary judgment.

### 1.  Plaintiff's ADA Claims Were Fully Exhausted.

First, Plaintiff timely filed a charge with the EEOC, which investigated the claim and issued a right to sue letter. The purpose of the EEOC process is to afford the agency the opportunity to see if it wants to pursue a charge on its own before granting litigants the right to sue. As the U.S. Supreme Court acknowledged in *Texas v. Davis*, in ruling that EEOC exhaustion is not a jurisdictional requirement, "'[t]he congressional purposes embodied in the Title VII scheme,' notably, [a]s the encouraging conciliation and affording the EEOC first option to bring suit..." 139 S. Ct. 1843,1851 (2019). Here, the EEOC did just that – it investigated the claim and issued Plaintiff a right to sue letter. If Plaintiff had violated one of its requirements or deprived it of the opportunity to investigate, then it would not have provided her with a right to sue letter.

Further, Plaintiff submits that his EEOC charge speaks for itself. In its Motion for Summary Judgment, Defendant argues that the Court lacked jurisdiction over Plaintiff's ADA disability discrimination claim because it was not alleged in her EEOC Charge. (Defendant's Motion for Summary Judgment, R. 36

at PageID.791). Plaintiff asserts that her EEOC charge, which was drafted by the EEOC, made mention of the discrimination that she was subjected to on the basis of disability and that Defendant's failure to accommodate said disability is in fact reasonably expected to grow out of that charge. Defendant states that Plaintiff admitted in her EEOC charge that Defendant provided her with a leave of absence during the Pandemic, but that is not the accommodation that Plaintiff requested and also led to a loss of wages. (*Id.* at PageID.779.

Courts in at least one other circuit have come to the same conclusion. *See, e.g., Batson v. Salvation Army*, 897 F.3d 1320, 1328 (11th Cir. 2018) ("Batson exhausted her administrative remedies because she included in the Charge facts supporting her ADA accommodation claim that are "like or related to" the ADA retaliation claim she alleged in federal district court."). A court within the Eleventh Circuit, relying on *Batson*, found that a plaintiff's "failure-to-accommodate claim is not a separate claim—it is a separate basis for granting relief.   Like the retaliation claims in *Gregory* [*v. Georgia Dept. of Human Resources*, 355 F. 3d 1277 (11th Cir. 2004] and *Batson*, it is a vehicle to recover for the discriminatory act she alleged in her EEOC charge—her termination." *Chesnut v. CC Services, Inc.* , Case No. 5:18-cv-00404-MTT, at  slip op. 11 (M.D. Ga. Mar. 24, 2020) (unpublished); *see also Baird v. Home Depot*, Case No. C-12-6316 EMC, at slip op. 7 (N.D. Cal. Jun. 4, 2014) (unpublished) (finding that the plaintiff had

exhausted a failure to accommodate claim where she checked the box indicating discrimination based of retaliation and disability).

## 2. Plaintiff Established A Prima Facie Case of Disability Discrimination.

Further, Plaintiff established a prima facie case of disability discrimination. To establish a prima facie case, an employee must demonstrate that (1) she has a disability, (2) she is otherwise qualified for the job "with or without reasonable accommodation," (3) she "suffered an adverse employment decision," (4) her employer "knew or had reason to know" of her disability, and (5) her position remained open, or was replaced. *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017) (quoting *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011)). Upon that showing, the burden then shifts to the defendant to "demonstrate that there was a legitimate, nondiscriminatory reason for the adverse employment action." *Id*. (citing *Whitfield*, 639 F.3d at 259). The burden then shifts back to the employee to show that the purported nondiscriminatory reason "was actually a pretext designed to mask discrimination." *Id*. (citing *Whitfield*, 639 F.3d at 259).

### i.     *Plaintiff Has a Disability as Defined by the ADA*

The ADA defines disability as: (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of such an

impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2)(A)-(C). A plaintiff can proceed to trial without deciding under which prong he is covered. *See, e.g., Doane v. City of Omaha*, 115 F.3d 624 (8th Cir. 1997), cert. denied, 522 U.S. 1048, 139 L. Ed. 2d 638, 118 S. Ct. 693 (1998). The Code of Federal Regulations defines "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). In *Chiles v. Machine Shop, Inc*., the Michigan Court of Appeals found that an "impairment must significantly restrict an individual's ability to perform at least a wide range of jobs." 238 Mich App 408; 606 NW2d 398 (1999).

Defendant has not denied that Plaintiff suffered from asthma and COPD and even attempted to accommodate Plaintiff by granting her leave. (Defendant's Motion for Summary Judgment, R. 36 at PageID.771). In this case, Plaintiff's condition mentioned above substantially limited her ability to work without a mask. (Complaint, ECF 1 at PageID.43). Plaintiff testified in her deposition that she was not allowed to wear an N-95 mask even after she informed Defendant of her asthma and COPD, underlying conditions that can cause complications with COVID-19. (Deposition of Sheryl Miller, R. 38-1 at PageID.1120). However, Plaintiff could still perform the essential functions of her job so long as she had a

mask to protect from COVID-19. A reasonable jury could certainly find that Plaintiff has a disability as defined by the ADA.

   *ii. Defendant Failed to Properly Accommodate Plaintiff's*

   Employers violate the ADA when they fail to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship" on the employer. (42 U.S.C. § 12112). Defendant argued that it provided a reasonable accommodation to Plaintiff when it "provided her a medical leave of absence." (Defendant's Motion to Dismiss, R. 36 at PageID.787). However, Defendant's accommodation did not grant her the ability to perform the essential functions of her position. Instead, the accommodation forced her to remove herself from the workplace, depriving her of her wage. The accommodation that Plaintiff requested, wearing her own personal N-95 mask in the workplace, was not unreasonable as it would not have costed Defendant anything and did not impact the workplace in any way.

   **C. <u>PLAINTIFF'S RETALIATION CLAIM SURVIVES AS A MATTER OF FACT AND LAW.</u>**

In order to establish a prima facie case of retaliation in violation of ELCRA and PDCRA, Plaintiff must show that:

> (1) she engaged in a protected activity; (2) the protected activity was known to Defendant; (3) Defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action.

*Reeder v. City of Wayne*, 177 F. Supp. 3d 1059, 1081 (E.D. Mich. 2016). To survive the summary judgment stage, these elements do not need to be proven by a preponderance of the evidence. *Singfield v. Akron Metro. Hous. Auth.*, 389 E3d 555, 563 (6th Cir. 2004). In fact, many Sixth Circuit cases note that "the burden of establishing the prima facie retaliation case is easily met." *Id*. In *Baker v. Windsor Republic Doors*, 635 F. Supp. 2d 765 (W.D. Tenn. 2009), it was held that "the district court correctly instructed the jury, to establish a retaliation claim the plaintiff need not prove he had a disability under the ADA. Rather, the protected act is the showing of a good-faith request for reasonable accommodations." *See also*, *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 502 (3d Cir. 1997).

Despite the trial court's ruling, Plaintiff's retaliation claims do not fail as a matter of law. Plaintiff did engage in a protected activity when she told an agent of Defendant that she had asthma with COPD and requested that she be allowed to wear an N-95 mask. (Deposition of Sheryl Miller, R. 38-1 at PageID.1120). Defendant was aware of this activity as Plaintiff informed them directly.

Afterwards, Defendant forced Plaintiff to "take unpaid leave or use PTO, harassed and bullied [Plaintiff], and changed her assignment and shift. (Complaint, R. 1 at PageID.24, ¶170). Plaintiff detailed numerous instances of harassment in her deposition, such as excessive write-ups. (Deposition of Sheryl Miller, R. 38-1 at PageID.1113). Plaintiff's allegations create a genuine issue of material fact about whether she was retaliated against, thus summary judgment must be denied.

### D. PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM SHOULD HAVE SURVIVED AS A MATTER OF FACT AND LAW

In order to establish a prima facie case of disability discrimination under the ADA for failure to accommodate, Plaintiff must show that:

> "(1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation."

*Mosby-Meachem v. Memphis Light, Gas & Water Div.,* 883 F.3d 595 (6th Cir. 2018). The Americans with Disabilities Act ("ADA") prohibits discrimination against "a qualified individual with a disability," and defines "discrimination" to include "not making reasonable accommodations to known physical or mental limitations of an otherwise qualified individual with a disability." The ADA's definition of "qualified individual" is codified at 42 U.S.C. § 12111(8), and states:

(8) Qualified individual. The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires...

As previously discussed, Plaintiff is a qualified individual under the ADA. The definition of reasonable accommodation under the ADA is codified under 42 U.S.C. § 12111(9), and states:

(9) Reasonable accommodation. The term "reasonable accommodation" may include—(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

(B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

Further, this Court has recently reiterated that employers are required to engage in the interactive process to find an accommodation for an employee. *Blanchet v. Charter Communications*, LLC, 27 F. 4th 1221 (6th Cir. 2022).

It has been already established above that Plaintiff is disabled within the meaning of the act. Defendant in its motion for summary judgment did not dispute that Plaintiff was a qualified individual who could perform the essential functions of the employment position. It is undisputed that Defendant knew of Plaintiff's disability. Defendant was aware of the need to accommodate Plaintiff as it had provided Plaintiff with a medical leave of absence. (Defendant's Motion for

Summary Judgment, R. 36 at PageID.786). Rather than allowing Plaintiff to wear a mask, Defendant created a situation where Plaintiff could not come in to the office and presented it as an accommodation. Viewing this evidence in the light most favorable to Plaintiff, a jury could find that Defendant failed to reasonably accommodate Plaintiff, and the district court should have denied summary judgment on this claim.

### E. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF COULD NOT ESTABLISH PRETEXT

The trial court's conclusion that Plaintiff failed to establish pretext was in error. In response to Defendant's motion for summary judgment, Plaintiff provided ample evidence to demonstrate that a reasonable jury could question the sincerity of Defendant's proffered reasons for its disciplinary actions. Defendant asserts that Plaintiff was suspended due to an investigation into his behavior and comments, but Plaintiff has introduced sufficient evidence to cast doubt on this rationale and suggest pretext.

### 1. *Plaintiff can Show Pretext in Support of her Discrimination and Retaliation Claims*

Plaintiff can establish pretext based on the temporal proximity of disciplinary actions to her protected behavior. Plaintiff did not receive regular write-ups or complaints about her performance until after Plaintiff returned from

leave due to COVID-19. (*See* Investment Tracker, R. 36-10 at PageID.947). Defendant's investment tracker shows no notes on such complaints in the 14 months Plaintiff worked prior to her leave. After her return from leave, Plaintiff received complaints on August 4, 2020; August 6, 2020; October 3, 2020; October 20, 2020; October 27, 2020; October 29, 2020; November 6, 2020; November 23, 2020; January 21, 2021; May 20, 2021; June 4, 2021; Jul 19, 2021; and September 16, 2021. (*See Id.*).

A reasonable juror could easily find that Von Linsowe, who was promoted at the end of 2020, began retaliating against Plaintiff and instructed others to continue said behavior. Von Linsowe's "toxic" and discriminatory behavior led to the departure of Shauna Willette, a patient access supervisor from January 2020 to July of 2020. (Deposition of Shauna Willette, R. 38-3 at PageID.1180-81). Shauna Willette stated Von Linsowe made interactions toxic and would often have arguments with her or otherwise demean her as a fellow supervisor. (*Id.* at PageID.1181-82). With this information and the suspicious timeline of constant registration issues after Plaintiff's EEOC charge and return from leave, a reasonable juror could find that these actions were adverse, as allowed by EEOC guidance.

   2. *Legal Standards for Pretext and Jury Determination*

22

Even if Defendant can offer a legitimate business reason for Plaintiff's adverse treatment, Plaintiff has presented evidence sufficient to demonstrate that such reasons are pretextual. As established in *Chen v. Dow Chem. Co*., 580 F.3d 394, 400 (6th Cir. 2009), a plaintiff can demonstrate pretext by showing that the employer's explanation:

    1. has no basis in fact,

    2. did not actually motivate the employer's action, or

    3. was insufficient to warrant the employer's action.

Here, Plaintiff has produced evidence of temporal proximity between her leave and EEOC claim as well as the write-ups and harassment she began receiving. Plaintiff also presented evidence that the person giving her write-ups was participating in "toxic" behavior. (Deposition of Shauna Willette, R. 38-3 at PageID.1180-81). These facts could lead a reasonable jury to find that the write-ups and other actions had no basis in fact and did not actually motivate Defendant's actions.

### 3. Guidance from Supreme Court Precedent

The guiding principle from *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 150 (2000), is instructive in this context. The Court emphasized that when assessing pretext, courts must view the evidence in the light most favorable to the non-moving party and leave credibility determinations and the weighing of

evidence to the jury. The plaintiff's burden is not to overwhelm the court with evidence but to raise a genuine dispute of material fact that warrants a jury's resolution.

In this case, Plaintiff has provided evidence that a reasonable jury could find persuasive in determining that Defendant's reasons for Defendant's actions were pretextual. Plaintiff's testimony, corroborating witness statements, and the inconsistencies in Defendant's investigation all raise factual questions that should be resolved by a jury, not by the court at the summary judgment stage.

Therefore, the trial court erred in concluding that Plaintiff had not established pretext. Plaintiff's evidence is more than sufficient to create a genuine issue of material fact regarding the legitimacy of Defendant's reasons for termination, and as such, Plaintiff's age and disability claims must be reinstated for a jury to decide.

## **CONCLUSION AND REQUESTED RELIEF**

WHEREFORE, Plaintiff-Appellant respectfully requests this Honorable Court **REVERSE** the District Court's Opinion and Order Granting Defendant's Motion for Summary Judgment, **VACATE** the Judgment, and **REMAND** for further proceedings.

Dated: April 8, 2025                              Respectfully Submitted,

/s/ *Carla D. Aikens*
Carla D. Aikens (P69530)
CARLA D. AIKENS, P.L.C.
Attorneys for Plaintiff
615 Griswold Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com

**ADDENDUM**

**DEISNGATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Record Entry No. | Document Description | Page Number of Electronic Record |
|---|---|---|
| R. 1 | Complaint | PageID.1-33 |
| R. 36 | Defendant's Motion for Summary Judgment | PageID.762-795 |
| R.36-1 | Deposition of Sheryl Miller | PageID.1085-1134 |
| R.36-10 | Plaintiff's Deposition Transcript | PageID.946-972 |
| R.36-17 | EEOC Charge | PageID.996 |
| R.38-3 | Deposition of Shauna Willette | PageID.1172-1197 |
| R.38 | Plaintiff's Response to Defendant's Motion for Summary Judgment | PageID. 1056-1256 |
| R.41 | Opinion and Order Granting Defendant's Motion for Summary Judgment | PageID.1293-1308 |
| R.45 | Plaintiff's Motion for Reconsideration | PageID.1326-1347 |
| R.46 | Order Denying Plaintiff's Motion for Reconsideration | PageID.1348-1349 |
| R.47 | Notice of Appeal | PageID.1350 |

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing brief complies with the type volume limitations pursuant to Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains words of 4,012 Times 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word.


Dated: April 8, 2025                    /s/ *Carla D. Aikens*
                                        Carla D. Aikens (P69530)
                                        CARLA D. AIKENS, P.L.C.
                                        Attorneys for Plaintiff
                                        615 Griswold Suite 709
                                        Detroit, MI 48226
                                        carla@aikenslawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein through the electronic filing system on April 8, 2025 by:

*/s/ Carla D. Aikens*

CARLA D. AIKENS, P.L.C.
Attorneys for Plaintiff
615 Griswold Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com