**No. 24-1044**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SHERYL MILLER,

*Plaintiff-Appellant*,

v.

WILLIAM BEAUMONT HOSPITAL

*Defendant-Appellee.*

Appeal from the United States District Court
For the Eastern District of Michigan
Case No. 2:21-cv-12259
The Honorable Judge George Caram Steeh

### Defendant-Appellee William Beaumont Hospital's
### Emergency Motion to Strike Appellant's Improper Brief, to Stay
### Appellee's Response-Brief Due Date, and for an Award of Fees

Carla D. Aikens (P69530)
CARLA D. AIKENS, P.L.C.
615 Griswold, Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com

Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

*Attorney for Plaintiff-Appellant*

*Attorneys for Defendant-Appellee*

This Court, in a published order, held that it lacks jurisdiction over Miller's appeal, except to the extent she appeals the district court's denial of a post-judgment motion for reconsideration. *Miller v. William Beaumont Hosp.*, 121 F.4th 556 (6th Cir. 2024). It also recognized that the district court's denial of the motion was consistent with Eastern District of Michigan local rules, but declined to affirm at that time as a lack of merit would not affect the Court's jurisdiction over the appeal from the order. *Id.* at 558. But given that the Court's merit ruling appeared to be a *fait accompli*, Beaumont asked Miller to withdraw her appeal as she had no non-frivolous basis for pursuing it. Ex. A, Letter.

Miller, ignoring the Court's order, nonetheless filed an appellate brief dedicated almost entirely to the issue that the Court held it lacked jurisdiction over: the order and opinion granting summary judgment. *Id.* pp. 13-24. Miller's jurisdictional statement indicates that she timely appealed the summary judgment ruling. App. Dkt. 30, p. 5. She cites the standard of review from a "district court's grant of summary judgment," not the standard of review for the denial of a reconsideration motion. *Id.* p. 10. And her short discussion of the reconsideration order merely rehashes her already-rejected argument that the district court

should have construed her motion for reconsideration as a motion to alter or amend the judgment under Rule 59(e). *Id.* pp. 10-12.

Miller's brief inappropriately disregards this Court's order. The *only* issue remaining in the case is whether the district court erred by holding that the motion for reconsideration violated the court's local rules. *See Miller*, 121 F.4th at 557. Miller had no basis to address the merits of the underlying judgment, as an appeal from the denial of a post-judgment motion "does not bring up the underlying judgment for review." *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978). And had the district court somehow erred in denying the motion on procedural grounds, the remedy would be a remand so the district court could consider the merits of her motion.[1]

Miller's decision to flout this Court's order also prejudices Beaumont, which will have little choice but to spend time and money preparing an appellee brief addressing the merits, lest it be accused of

---

[1] *See New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 404 (6th Cir. 2022) ("We need not consider the merits in the first instance. Instead, we remand to the district court to do so."); *Freed v. Thomas*, 976 F.3d 729, 741 (6th Cir. 2020) (remanding where the "district court did not directly address the merits of" the underlying claims).

waiver. Then the Court will be forced to waste its time and resources reviewing briefing dedicated to issues it already held were not before it.

Beaumont asks the Court to prevent this prejudice arising from Miller's disregard of a court order. Courts have inherent authority of courts "to fashion an appropriate sanction for conduct which abuses the judicial process," up to dismissal. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). The Court may thus "strike portions of the appellant's brief unrelated to this appeal…." *Cobleigh v. United States*, 1999 WL 195738, at *2, 178 F.3d 1293 (6th Cir. 1999) (table). But the Court need not "delay the inevitable" and may simply affirm if the relevant part of an as-filed brief obviously has no merit. *Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011). And this "court will not hesitate to award damages when the appeal is frivolous, or taken merely for purposes of delay, involving an issue or issues *already clearly resolved*." *Martin v. Comm'r*, 756 F.2d 38, 41 (6th Cir. 1985) (emphasis added) (cleaned up).

Given this authority, the Court could strike Miller's brief because it violates the Court's order. But insofar as Miller's brief does not identify any error in the reconsideration order itself, the Court need not "delay the inevitable" and should affirm the district court. The Court

should also immediately stay the briefing schedule pending resolution of this motion. Finally, the court should sanction Plaintiff or her counsel by awarding Beaumont its attorneys' fees incurred because of Miller's violation of the Court order. *Martin*, 756 F.2d at 41; *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013) (awarding attorney's fees as sanction when "appeal was utterly without merit because it was untimely and [otherwise] barred"); *Shaya v. Countrywide Home Loans, Inc.*, 489 F. App'x 815, 820 (6th Cir. 2012) (awarding fees against appellant's counsel for filing brief that had "no reasonable expectation of altering the district court's judgment.")

<div style="margin-left:40%">

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.


By: *s/Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
 Suite 400
Birmingham, MI  48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

</div>

Dated: April 14, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

s/*Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano Pelton
  & Forrest, P.L.C.
280 N. Old Woodward Ave.
  Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

# EXHIBIT A



| | | |
|---|---|---|
| **Address:** | 280 N. Old Woodward<br>Suite 400<br>Birmingham, MI 48009 | 12900 Hall Road<br>Suite 190<br>Sterling Heights, MI 48313 |
| **Phone:** | 248.645.0000 | 586.469.1580 |
| **Fax:** | 248.458.4581 | 586.469.1399 |
| **Website:** | khvpf.com | |

March 13, 2025

**Via Email**

Carla D. Aikens
Carla D. Aikens, P.L.C.
615 Griswold, Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com

      Re:    *Miller v. William Beaumont Hospital*, No. 24-1044

Dear Ms. Aikens:

      On November 11, 2024—after the Sixth Circuit held it lacked jurisdiction to hear Ms. Miller's appeal of the district court's grant of summary judgment—I asked you to voluntarily dismiss the remainder of the appeal because Ms. Miller has no non-frivolous grounds to contest the sole issue remaining on appeal: whether the district court abused its discretion by denying her motion for reconsideration.

      As I noted, while the Sixth Circuit held that there is *jurisdiction* despite an "absence of merits," it telegraphed the lack of meritoriousness in the remaining appellate issue. Specifically, it noted that—just as the district court held—Ms. Miller's district court motion for reconsideration was procedurally improper under EDMI local rules. I further noted that while Ms. Miller has an obligation to voluntarily dismiss a frivolous appeal, Corewell would agree to waive its cost order against your client (for $2,439) if she agrees to dismiss the appeal.

      Rather than respond, you filed a motion for reconsideration with the Sixth Circuit. That motion for reconsideration has now been denied. Ms. Miller consequently cannot appeal to denial of summary judgment, and she has no non-frivolous basis to appeal the denial of reconsideration. While you should have dismissed the appeal already, Corewell will nevertheless make one final effort to resolve the matter, by again offering to waive its costs order if Ms. Miller promptly dismisses the appeal.

      Please advise whether Ms. Miller will accept this proposal. Otherwise, Corewell will seek all fees and costs it incurs in being forced to respond to a frivolous appeal.

      Very truly yours,

*Thomas J. Davis*

Thomas J. Davis