No. 24-1044

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SHERYL MILLER,

*Plaintiff-Appellant*,

V.

WILLIAM BEAUMONT HOSPITAL,
D/B/A BEAUMONT HEALTH SYSTEM,

*Defendant-Appellee.*

Appeal from the United States District Court
For the Eastern District of Michigan
Case No. 2:21-cv-12259
The Honorable Judge George Caram Steeh

### Defendant-Appellee William Beaumont Hospital's
### Appellee Brief

Carla D. Aikens (P69530)
CARLA D. AIKENS, P.L.C.
615 Griswold, Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com

Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

*Attorneys for Plaintiff-Appellant*

*Attorneys for Defendant-Appellee*

## Disclosure of Corporate Affiliations and Financial Interests

Under 6th Cir. R. 26.1, William Beaumont Hospital makes these disclosures:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?

Answer: No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

Answer: No.

/s/ Thomas J. Davis
Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendant-Appellee*
*William Beaumont Hospital*

Dated: July 17, 2025

# Table of Contents

Disclosure of Corporate Affiliations and Financial Interests ...................i

Table of Authorities........................................................................ iii

Statement Regarding Oral Argument .......................................................iv

Statement of Jurisdiction.........................................................................1

Statement of Issue Presented .................................................................2

Statement of the Case ............................................................................3

Standard of Review ................................................................................5

Summary of Argument............................................................................6

Argument................................................................................................7

I.      The district court did not abuse its discretion in denying reconsideration based on Miller's failure to comply with governing procedural rules. ........................................7

II.     Miller's misunderstanding of Rule 59(e)'s settled standards confirms that the district court's ruling was correct........................................................................9

Conclusion ...........................................................................................11

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.........................................13

Certificate of Service ...........................................................................14

Designation of Relevant District Court Documents...............................15

# Table of Authorities

**Cases**

*Gage Prods. Co. v. Henkel Corp.*,
  393 F.3d 629 (6th Cir. 2004) ................................................................5

*GenCorp, Inc. v. Am. Int'l Underwriters*,
  178 F.3d 804 (6th Cir. 1999) ..............................................................5

*Grider Drugs, LLC v. Express Scripts, Inc.*,
  500 F. App'x 402 (6th Cir. 2012) ......................................................11

*Mazzola v. Sec'y of Health & Hum. Servs.*,
  795 F.2d 222 (1st Cir. 1986) ...............................................................5

*Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*,
  922 F.3d 713 (6th Cir. 2019) ..............................................................5

*Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*,
  860 F.3d 425 (6th Cir. 2017) ..............................................................9

*Miller v. William Beaumont Hosp.*,
  121 F.4th 556 (6th Cir. 2024) ....................................................1, 4, 8

*Patton Boggs LLP v. Chevron Corp.*,
  683 F.3d 397 (D.C. Cir. 2012) ............................................................6

*Sault Ste. Marie Tribe v. Engler*,
  146 F.3d 367 (6th Cir. 1998) ..............................................................9

*U.S. Student Ass'n Found. v. Land*,
  546 F.3d 373 (6th Cir. 2008) ............................................................11

*United States ex rel. Angelo v. Allstate Ins. Co.*,
  106 F.4th 441 (6th Cir. 2024) .............................................................5

**Rules**

E.D. Mich. Local Rule 7.1(h) ......................................................... *passim*

## Statement Regarding Oral Argument

The district court's denial of Miller's motion for reconsideration on procedural grounds—the only issue before the Court—is straightforward as is the applicable law. Oral argument is unnecessary.

## Statement of Jurisdiction

As the Court has already ruled, it has jurisdiction over only one limited issue on this appeal: the district court's denial of Miller's motion for reconsideration of the Court's order granting summary judgment. *Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024). The Court does not have jurisdiction over the underlying order granting summary judgment itself. *Id.*

## Statement of Issue Presented

Eastern District of Michigan Local Rule 7.1(h)—which governs motions for reconsideration—states that it may not be used to seek reconsideration of a final order; rather, such relief requires a Rule 59(e) or 60(b) motion.

Miller filed a Rule 7.1(h) motion to reconsider a final, dispositive order of the district court; her motion cited neither Rules 59(e) or 60(b) nor their standards for relief. The district court consequently denied the motion per Rule 7.1(h)'s plain language. Did the district court act within its discretion by enforcing this local rule?

## Statement of the Case

In September 2021, Plaintiff Sheryl Miller sued Defendant Beaumont asserting ADA, FMLA, and state-law claims. R. 1. On October 11, 2023, the district court granted Defendant Beaumont's motion for summary judgment and entered final judgment the same day. R. 41, Page ID # 1293; R. 42, Page ID # 1309.

On November 8, 2023, Miller filed a motion for reconsideration. R. 45, Page ID # 1326-1347. Rather than invoking Federal Rule of Civil Procedure 59(e) or 60(b), she relied solely on Local Rule 7.1(h), which on its face bars reconsideration of "final orders or judgments." *Id*. at Page ID # 1336. Her motion did not cite Rule 59(e) or 60(b) or address the applicable standards for post-judgment relief under those rules. *See id.*

The district court denied the motion in a December 15, 2023 order. R. 46, Page ID # 1348-1349. It held that following the 2021 amendment to Local Rule 7.1(h), a party seeking reconsideration of a final order or judgment must file a Rule 59(e) or 60(b) motion, not a motion under the local rule. *Id*. Because Miller's motion invoked neither of those rules nor a basis for relief under those rules, the court declined to consider it. *Id*. at Page ID # 1349.

Miller filed her notice of appeal on January 12, 2024. R. 47, Page ID # 1350. The notice identified only the order denying the motion for reconsideration, not the underlying judgment. *Id.* Beaumont moved to dismiss the appeal, explaining that Miller did not timely appeal the October 11, 2023 judgment and that her Local Rule 7.1(h) motion did not toll the appellate clock. App. Doc. 12. Miller responded that the Court should construe her motion as a Rule 59(e) motion. App. Doc. 15.

This Court rejected Miller's argument in a published order. *See Miller v. William Beaumont Hosp.*, 121 F.4th 556 (6th Cir. 2024). It held that, after the 2021 amendment, Local Rule 7.1(h) "plainly forecloses" any effort to treat a motion under that rule as a Rule 59(e) motion, and that "local rules carry 'the force of law.'" *Id.* at 558. It held, however, that Miller timely appealed the order denying reconsideration. *Id.*

Miller then filed her principal brief, which focused almost entirely on relitigating the summary judgment ruling. App. Doc. 30. Beaumont moved to strike, citing the Court's prior ruling and expressing a concern that if it ignored the improper merits arguments, it might be accused of waiver. App. Doc. 31. The Court declined to strike the brief, but agreed that "the bulk" of Miller's arguments addressed matters not before the

Court and clarified that Beaumont "need not respond to arguments outside our jurisdiction." *Id.*

## Standard of Review

This Court reviews the denial of a motion for reconsideration for abuse of discretion. *United States ex rel. Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 453 (6th Cir. 2024). Although this Court has sometimes said reconsideration of a summary judgment order is reviewed de novo, that is so only when the district court reexamined the merits of its earlier judgment. *Gage Prods. Co. v. Henkel Corp.*, 393 F.3d 629, 637 (6th Cir. 2004). The Court does this to avoid "insulating" the summary judgment ruling from de novo review. *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 723 & n.6 (6th Cir. 2019).

But when a district court denies reconsideration of a summary judgment ruling on non-merits grounds, its order is still reviewed for abuse of discretion. *Id.*; *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 810-11, 832-834 (6th Cir. 1999) (reviewing grant of summary judgment de novo but non-merits denial of 59(e) motion for abuse of discretion); *Mazzola v. Sec'y of Health & Hum. Servs.*, 795 F.2d 222, 223 (1st Cir. 1986) (applying abuse-of-discretion standard to denial

of motion for reconsideration that did not address the order's underlying merits) (cited with approval by this Court in *GenCorp.*); *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 402 & n.4 (D.C. Cir. 2012) (applying abuse of discretion standard to denial of motion to reconsider resting on non-merits grounds). The abuse of discretion standard applies here.

## Summary of Argument

The district court acted well within its discretion when denying Miller's motion for reconsideration. Her motion relied exclusively on Local Rule 7.1(h), which per its plain text explicitly bars reconsideration of final judgments. Miller did not invoke Rule 59(e) or its settled standards for relief, and the district court correctly applied the plain language of Rule 7.1(h) in denying reconsideration. Miller argues that the district court should have construed her motion as a Rule 59(e) motion, but this Court has already held—in this very case—that Local Rule 7.1(h) "plainly forecloses" such recharacterization and that the Local Rule has the "force of law." That ruling controls here.

Miller, through her appellate briefing, further confirms that the district court correctly held that her motion did not invoke Rule 59(e)'s

standards. She claims, incorrectly, that "no standard" governs Rule 59(e) motions—effectively conceding that she did not try to meet it. Instead, Miller's motion for reconsideration merely rehashed, largely verbatim, her summary-judgment response brief—something that Rule 59(e) expressly prohibits. The district court's ruling was not just reasonable, it was legally required.

## Argument

### I.   The district court did not abuse its discretion in denying reconsideration based on Miller's failure to comply with governing procedural rules.

The district court's decision was both procedurally unremarkable and legally compelled. Miller's motion relied exclusively on Local Rule 7.1(h), notwithstanding the rule's express prohibition on using it to seek reconsideration of a final judgment. R. 46, Page ID # 1348. The rule is unambiguous: a party seeking reconsideration of a final judgment "must" file a Rule 59(e) or 60(b) motion. E.D. Mich. L.R. 7.1(h)(1). Miller's motion did not invoke either rule and did not explain why she was entitled to relief under either rule's standards. The district court correctly concluded that her motion was procedurally improper and denied it on that basis. R. 46, Page ID # 1348.

Miller does not dispute these facts. Instead, she contends that the district court should have construed her Local Rule 7.1(h) motion as one under Rule 59(e), citing earlier cases in which this Court permitted such a construction for jurisdictional purposes. App. Doc. pp. 10-11. But her argument has already been expressly rejected in this very case. In this Court's earlier published jurisdictional order, this Court held that the amended text of Local Rule 7.1(h) "now *plainly forecloses* any continued construal" of such motions as Rule 59(e) motions when directed at final judgments. *Miller*, 121 F.4th at 58 (emphasis added). The Court underscored that local rules "carry the force of law." *Id.* at 558 (cleaned up). Miller's failure to follow the rules was dispositive. *Id.*

That published decision forecloses Miller's argument here. The amended rule is not advisory. It imposes a legally-binding prohibition on a district court's construal of a Local Rule 7.1(h) motion as a Rule 59(e) motion. The district court had no discretion to ignore the rule, and no obligation to rewrite Miller's filing to invoke rules she chose not to apply. Indeed, were Miller's argument accepted, Local Rule 7.1(h)'s command would be meaningless. Ultimately, Miller offers no reasoned basis for disregarding this Court's prior ruling and does not attempt to

distinguish its reasoning. That reasoning applies equally here. The district court did not abuse its discretion.

## II. Miller's misunderstanding of Rule 59(e)'s settled standards confirms that the district court's ruling was correct.

Miller then argues that the district court erred because, in her view, there is "no standard" for granting relief under Rule 59 from a summary judgment decision. Instead, she suggests that the court should have looked to the "common law" to decide the motion. App. Doc. 30 at p. 12. This argument is both legally incorrect and revealing. Rule 59(e) is governed by a well-established framework. By asserting that no governing standard exists, Miller effectively confirms the district court's conclusion: she did not make a proper Rule 59(e) motion because she was unaware of, and thus failed to apply, the applicable standards.

The law is clear. A Rule 59(e) motion "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Relief is only available where the movant identifies "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted). Miller did not cite this standard or attempt

to satisfy it. R. 46, Page ID # 1348. Her failure to do so was not a technicality—it is the precise reason her motion was properly denied.

Indeed, Miller's motion for reconsideration illustrates the very misuse that Rule 59(e) was meant to prevent. Rather than identifying any of the four limited grounds to alter a judgment, Miller simply reargued her case. Indeed, a comparison of Miller's summary judgment argument section (R. 38) and her motion for reconsideration argument section (R. 45) shows that most of the latter was copied verbatim—typos and all—from the former. It was, in substance and form, a second bite at the apple. The district court correctly refused to entertain it.

Miller's fallback argument—that the district court's denial of her motion violated due process—is similarly misplaced. She now claims, without elaboration, that Beaumont "included new evidence" in its reply brief, and that the district court should have granted reconsideration on that basis. App. Doc. 30, p. 12. That assertion is not only inaccurate,[1] it

---

[1]Both documents were part of the discovery record and were no surprise to Miller. The first—Miller's April 30, 2019 FMLA approval form—was expressly referenced in Beaumont's summary judgment brief. *See* R. 36, Page # 771 ¶ 6. Miller's counsel noted that Beaumont had inadvertently attached the wrong exhibit, so Beaumont swapped in the correct one. *See* R. 38, Page # 1061 ¶ 6; R. 40, Page # 1291-1292. The second—a disciplinary record from April 2018—was submitted with Beaumont's

-10-

is irrelevant. Miller's motion for reconsideration made no such argument. *See* R. 45. The district court cannot be faulted for failing to grant relief on a theory that was never presented. *See, e.g.*, *U.S. Student Ass'n Found. v. Land*, 546 F.3d 373, 387 n. 11 (6th Cir. 2008).

In short, Miller did not present a cognizable Rule 59(e) motion. She did not invoke the correct standard, did not attempt to satisfy that standard, and offered no justification for reconsideration other than her disagreement with the outcome. The district court's rejection of her motion was consistent with the law and well within its discretion.

## Conclusion

The district court denied Miller's Local Rule 7.1(h) motion for reconsideration because her motion undisputedly did not cite Rule 59(e)

---

reply brief to rebut Miller's claim, made in opposition to summary judgment, that she had a "clean record" prior to August 2020. *See* R. 39, Page # 1286, R. 39-1, Page # 1290. Tellingly, one of the only substantive changes between Miller's summary judgment response and her largely word-for-word identical reconsideration motion was her *omission* of the "clean record" assertion. *Compare* R. 38 at p. 20 *with* R. 45 at p. 4.

Equally significant is what Miller did *not* do: seek leave to file a sur-reply brief. If she believed that the reply raised new arguments or evidence, that was the time to say so. Her failure to raise the issue in her reconsideration motion—and her attempt to assert it for the first time on appeal—constitutes waiver. *See, e.g.*, *Grider Drugs, LLC v. Express Scripts, Inc.*, 500 F. App'x 402, 404 (6th Cir. 2012).

and did not cite the standards for review of a Rule 59(e) motion. This Court has already held that Local Rule 7.1(h) does not permit such a motion to be construed as a Rule 59(e) motion. The district court did not abuse its discretion in following the local rule's requirement. This Court should affirm the district court's order.

Respectfully submitted,

*/s/Thomas J. Davis*
Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated: July 17, 2025

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

I hereby certify in accordance with Fed. R. Civ. P. 32(g) and 6th Cir. Rule 32, that this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7). Per that rule, type-volume limitations apply only if the principal brief does not exceed 30 pages. But this brief does not exceed 30 pages, even before excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b)(1).

This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Century Schoolbook, which is a proportionally spaced typeface with serifs.

Respectfully submitted,

*/s/ Thomas J. Davis*
Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated: July 17, 2025

## Certificate of Service

I hereby certify that on July 17, 2025, this Brief for Defendant-Appellee William Beaumont Hospital was served electronically via the Court's CM/ECF electronic filing system upon all parties and counsel of record.

/s/ *Thomas J. Davis*
Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

## Designation of Relevant District Court Documents

Defendants-Appellee William Beaumont Hospital, under 6th Cir.
R. 28(b), hereby designate the following documents in the District Court's
record as relevant to the appeal:

| Description of Entry | Docket Entry Number ("R.") | Page ID Range |
|---|---|---|
| Motion for Summary Judgment | 36 | 762-795 |
| Response to Defendant's Motion for Summary Judgment | 38 | 1056-1083 |
| Reply Brief in Support of Summary Judgment | 39 | 1277-1288 |
| Reply Brief Exhibit 31 | 39-1 | 1289-1290 |
| Exhibit 7 (Corrected) re: Motion for Summary Judgment | 40 | 1291-1292 |
| Opinion and Order Granting Defendant's Motion for Summary Judgment | 41 | 1293-1308 |
| Judgment | 42 | 1309-1310 |
| Motion for Reconsideration of the Opinion and Order Granting Defendant's Motion for Summary Judgment | 45 | 1326-1347 |
| Order Denying Motion for Reconsideration | 46 | 1348-1349 |
| Notice of Appeal | 47 | 1350 |