NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0556n.06

No. 24-1044

| | |
|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | **FILED**<br>Dec 03, 2025<br>KELLY L. STEPHENS, Clerk |

SHERYL MILLER,  )
    Plaintiff-Appellant,  )
)
v.  ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
)
WILLIAM BEAUMONT HOSPITAL, dba Beaumont Health System,  )
    Defendant-Appellee.  ) OPINION
)

Before: STRANCH, BUSH, and READLER, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Sheryl Miller sued her employer, William Beaumont Hospital ("Beaumont"), for employment discrimination and failure to accommodate her medical conditions. The district court granted summary judgment to Beaumont on all claims. Miller sought to challenge its decision but failed to file either a timely notice of appeal or a valid motion for reconsideration. Instead, she moved for reconsideration under a local rule that does not allow for reconsideration of summary judgment orders, and the district court denied her motion. Because Miller sought relief through a procedural device that does not permit the relief she sought, we **AFFIRM**.

I. BACKGROUND

Miller, who suffers from asthma and chronic obstructive pulmonary disease, was employed at all relevant times by Beaumont, as a Patient Access Specialist in its Breast Care Center. She contends that Beaumont failed to accommodate her medical conditions during the COVID-19

No. 24-1044, *Miller v. Wm. Beaumont Hosp.*

pandemic. For example, Miller specifies that Beaumont refused to allow her to wear her own supply of N95 masks when it did not have enough masks to give to non-frontline workers and subsequently retaliated against her for seeking such accommodations. She sued Beaumont in the Eastern District of Michigan for violations of the Americans with Disabilities Act, the Michigan Persons with Disabilities Civil Rights Act, and the Family and Medical Leave Act. On October 11, 2023, the district court granted summary judgment to Beaumont in full and entered judgment.

On November 8, 2023, Miller filed a motion for reconsideration of the district court's order granting Beaumont's motion for summary judgment, citing Eastern District of Michigan Local Rule 7.1(h). The district court denied Miller's motion for reconsideration on December 15, 2023, explaining that Local Rule 7.1(h), per a then-recent amendment, provides that parties seeking reconsideration of final judgment orders must instead file a motion under either Federal Rule of Civil Procedure 59(e) or 60(b). Miller appealed.

Once this appeal was docketed, Beaumont moved to dismiss for lack of appellate jurisdiction on the ground that Miller failed to file a timely notice of appeal regarding the district court's summary judgment order. In a published order (the "Prior Order"), we denied the motion in part and granted it in part, finding that we have appellate jurisdiction over the district court's denial of the motion for reconsideration, but not the grant of summary judgment to Beaumont. *Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024). We explained that Miller's motion for reconsideration could not be construed as brought under Rule 59(e) or 60(b), meaning that it failed to toll the 30-day deadline to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(4)(A). *See id.* at 557–58.

No. 24-1044, *Miller v. Wm. Beaumont Hosp.*

## II.     ANALYSIS

Although Miller challenges the district court's summary judgment decision in her briefing, this appeal is limited to the denial of her motion for reconsideration. *See Miller*, 121 F.4th at 558.[1] We review denials of motions for reconsideration, as well as district courts' applications of their local rules, for abuse of discretion. *See Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018); *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999).

The district court denied the motion for reconsideration that Miller filed under Local Rule 7.1(h), which provides in relevant part,

> **Motions for Rehearing or Reconsideration.**
> (1) **Final Orders and Judgments.** Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.
>
> (2) **Non-Final Orders.** Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds. . .

This rule provides clear instructions to litigants (and their attorneys). The Eastern District of Michigan "will not grant reconsideration" of "final orders or judgments" under Local Rule 7.1(h); when a litigant wishes to seek reconsideration of a final judgment, she must move under Federal Rule 59(e) or 60(b) instead. Relief under Local Rule 7.1(h) is limited to "non-final orders." Under the plain text of Local Rule 7.1(h), the district court did not abuse its discretion by denying Miller's request for a form of relief the rule does not allow—reconsideration of the summary judgment decision, which was a final judgment.

---

[1] After Miller filed her opening brief, Beaumont moved for sanctions and to strike the brief on the ground that it focused improperly on the summary judgment decision. We denied the motion, reasoning that "Miller's appeal cannot be said to be wholly frivolous" because "[w]hether the Eastern District of Michigan abused its discretion in denying [the motion for reconsideration] is a separate—and still live—issue." Order 2, ECF No. 35.

No. 24-1044, *Miller v. Wm. Beaumont Hosp.*

Miller contends that her motion for reconsideration should have been construed as brought under Federal Rule 59(e) or, in the alternative, Rule 60(b). This argument is foreclosed, however, by the court's Prior Order, which construed the motion as brought under Local Rule 7.1(h). *See Miller*, 121 F.4th at 557–58. Under the law-of-the-case doctrine, "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." *Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019) (citation modified). Miller argues the law-of-the-case doctrine does not apply here because the Prior Order "concerns jurisdiction alone" and therefore should not bar consideration of the merits. It is true that the Prior Order did not analyze the merits of the summary judgment decision. It did, however, concern the question of *whether the district judge erred in construing the motion* as brought under Local Rule 7.1(h); that is a merits question, albeit a narrow one, that the Prior Order decided in resolving whether there was appellate jurisdiction. *See Miller*, 121 F.4th at 557–58. As the Prior Order explained, we have previously "conflated Local Rule 7.1(h) with Rule 59(e) when they were similar," but after Local Rule 7.1(h) was amended, "that similarity no longer exists." *Id.*

The district court did not abuse its discretion in denying Miller's motion for reconsideration under Local Rule 7.1(h).

### III. CONCLUSION

For the foregoing reasons, the district court's order denying the motion for reconsideration is hereby **AFFIRMED**.